UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-00739-MJD-JMS |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Thomas Moore requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 416(i), 423(d). For the reasons set forth below, the decision of the Commissioner is **REVERSED AND REMANDED**.[1]

### I.   Procedural History

Moore filed an application for DIB on January 9, 2006, alleging an onset of disability of November 1, 2004. Moore's application was denied initially on August 9, 2006 and on reconsideration on October 18, 2006. Moore requested a hearing which was held on October 27, 2008 before Administrative Law Judge Stephen E. Davis ("ALJ"). The ALJ denied Moore's application on June 25, 2009. On December 18, 2009, the Appeals Council granted Moore's

---

[1] The parties consented to the Magistrate Judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Any objections to or appeal of this decision must be made directly to the Court of Appeals in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 363(c)(3).

request for review and remanded the case to the ALJ. A second hearing was held on May 4, 2010 before the same ALJ. On November 23, 2010, the ALJ again denied Moore's application. The Appeals Council denied Moore's request for review on April 2, 2012, making the ALJ's decision the final decision for purposes of judicial review. Moore filed his Complaint with this Court on May 30, 2012.

## II. Factual Background and Medical History

Thomas Moore was 41 years old at the time he filed his application for disability. He has a general equivalency diploma ("GED") and past relevant work experience as a machinist in the armed forces. In November 2004, Moore underwent bilateral aorto-femoral bypass. In 2005, he had three more procedures on his right leg. In March 2006, Moore was seen for a consultative examination by a physician at the Disability Determination Bureau. That doctor indicated that Moore was able to sit, stand, and walk normally. Since then, Moore had another aorto-femoral bypass in August 2006, an angioplasty in 2007, and another angioplasty in 2009. There were no other opinions from the Disability Determination Bureau.

## III. Applicable Standard

To be eligible for DIB, a claimant must have a disability under 42 U.S.C. § 423. Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but

any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed,

the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## IV.     ALJ's Decision

The ALJ first determined that Moore met the insured status requirements of the Act through December 31, 2010. Applying the five-step analysis, the ALJ found at step one that Moore had not engaged in substantial gainful activity since the alleged onset date of November 1, 2004. At step two, the ALJ found that Moore had the following severe impairment: peripheral vascular disease.

At step three, the ALJ determined that Moore did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Next, the ALJ found that Moore had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(c).

At step four, the ALJ determined that Moore was unable to perform any of his past relevant work. At step five, the ALJ determined that, considering Moore's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Moore could perform. Therefore, the ALJ determined that Moore was not disabled.

## V.     Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's decision that Little was not disabled. *Dixon*, 270 F.3d at 1176. Plaintiff requests that this

Court review: 1) the ALJ's failure to consult a medical expert and 2) the ALJ' failure to discuss and give weight to the VA disability determination, as required by the Appeal's Council's remand order. For the reasons set forth below, the Court finds that there is not substantial evidence to support the ALJ's decision.

  A.  **Failure to consult a medical expert**

  The ALJ failed to consult a medical expert to review the record and determine medical equivalency. The medical record primarily consists of Moore's treatment history with the VA from 2005 to 2010. There are no RFC assessments, opinions on medical equivalency, or medical source statements from any of Moore's treating physicians to aid in the ALJ's determination of disability. The record contains one opinion from a state agency physician from 2006. There is nothing in the record to indicate that a medical expert reviewed the VA treatment records since 2006. These treatment records are so complex that it is impossible for a lay person to determine whether Moore's impairments are disabling. Thus, the ALJ had a duty to develop the record.

  While the plaintiff has the burden of showing that his impairments meet or equal a medical listing, it is the ALJ who is to consult a medical expert and make a determination on medical equivalency. 20 C.F.R. 404.1526; SSR 96-6p, 1996 WL 374180 (July 2, 1996). Plaintiff has satisfied his limited burden by providing an extensive medical record. 20 C.F.R. 404.1512. Moore is not a doctor, his attorney is not a doctor. That is why the rules and regulations impose a duty on the ALJ to consult a medical expert to decipher a plaintiff's medical record to determine if there is anything that would indicate disability. Yet there is no medical opinion on the issue of medical equivalency. Defendant asserts that "the only opinion in the record on the listings supports the ALJ's finding." Brief for Defendant at 6, *Moore v. Astrue*, No. 1:12-cv-00739-MJD-JMS (S.D. Ind. Jan. 4, 2013), ECF No. 25 [hereinafter Dkt. 25]. While Defendant is quick to

point out that Plaintiff does not provide a single citation in the over 1,300-page record that his impairments meet a listing, *id*., Defendant also failed to direct the Court to the so-called medical opinion on the issue of equivalency. After reviewing the record cover-to-cover, the Court did not find any medical opinion on the issue of medical equivalency. Additionally, the ALJ provides a perfunctory analysis on medical equivalency. The three sentence assessment broadly references section 4.00 of the listings and the only support that Moore's impairments do not equal a listing is evidence that a 2008 rest/stress cardiac perfusion study was normal.[2] The listings do not suggest or provide that this is the only measurement to determine whether an impairment equals a listing. Therefore, remand is required. *Barnett v. Barnhart*, 381 F.3d 664 (7th Cir. 2004).

Defendant argues that Moore "suggests offhand . . . that the ALJ should have called a medical expert at the hearing" and that this argument should be waived for being undeveloped. [Dkt. 25 at 7 n. 2.] First, Moore only suggested that a medical expert was needed, not that one needed to be present at the hearing. While Defendant is correct that the decision to have a medical expert testify at a hearing rests with the ALJ, *Skarbeck v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004), it is well regarded that a medical expert is needed to determine the issue of medical equivalency. SSR 96-6p.

Second, Moore argues that a medical expert was needed to review the complexity of the medical record and evaluate Plaintiff's worsening condition. The Court agrees. The only medical expert opinions in the record were from 2006. Since then, Moore has had at least two more procedures and a potential worsening of symptoms. The medical-ease associated with the records from the VA is highly complex and sophisticated. The ALJ had a duty to fully develop the record in this instance. 20 C.F.R. § 404.1512(e) ("When the evidence we receive from your treating physician . . . is inadequate for us to determine whether you are disabled, we will need additional

---

[2] Plaintiff asserts that his impairments meet listing 4.11 and/or 4.12.

information to reach a determination or a decision."); *see also* SSR 96-8p (the ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess the RFC."); 20 C.F.R. 1512(d) (the Commissioner's responsibility is to develop a complete medical history before making a determination that a claimant is not disabled). This Court cannot allow the ALJ to play doctor with such a complicated medical record. *Brennan-Kenyon v. Barnhart*, 252 F. Supp. 2d 681, 696 (N.D. Ill. 2003) (citing *Wilder v. Chater*, 64 F.3d 335, 337-38 (7th Cir. 1995)). Thus, an updated medical opinion was needed. Because the ALJ failed to consult a medical expert, remand is appropriate.

      B.      **Failure to discuss Moore's VA disability**

The ALJ also failed to discuss and give weight to Moore's VA disability determination. Social Security Ruling ("SSR") 06-3p requires that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-3p, available at https/www.socialsecurity.gov/OP_Home/rulings/di/01/SSR2006-03-di-01.html (last visited Aug. 20, 2013). The Seventh Circuit determined that determinations of disability by the VA should be given "some weight." *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006). While a disability determination made by another agency is not binding on the Commissioner, 20 C.F.R. § 404.1504, the adjudicator should explain the consideration given to that agency's disability decision. SSR 06-3p. Review of the ALJ's decision in this case reveals a lack of discussion and consideration for the VA disability determination. The ALJ's discussion of Moore's disability simply states "[h]e appears to have a 90% disability pension from the [VA]." [R. at 14.] This discussion was only provided in reference to Moore's earnings and whether he had engaged in substantial gainful activity. There is no mention of the disability decision in any other section and no weight was given to the VA's disability determination.

Defendant argues that the ALJ did not err in failing to give weight to the VA disability determination because there was not an official decision from the VA regarding Moore's disability status. Here, Defendant attempts to explain the decision of the ALJ that was not otherwise discussed in violation of *Chenery*. *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). The ALJ was required by SSR 06-03p to give some consideration and weight to the VA disability determination. While it is clear that the ALJ was aware of the VA disability determination, what is not clear is how that determination affected the ALJ's ultimate decision, if at all. Had the ALJ explained that he did not give weight to the VA disability determination because of the lack of an official decision, then the Court could review that assessment, *see Parker*, 597 F.3d at 922, but the ALJ did not do so. The VA's disability decision provided an explanation of the extent of Moore's disability, warranting consideration of that decision in the decision of the ALJ here.

Defendant additionally argues that the ALJ satisfied SSR 06-03p by discussing the VA treatment records. While the ALJ did cite to a few points in the VA records, the treatment records are not the VA decision. Further, as discussed above, the ALJ's attempt to review the medical record without a medical expert was impermissible.

Finally, Defendant argues that any error in failing to give weight to the VA determination was harmless as the Commissioner is not bound by the disability determinations of other agencies. While this is true, this does not negate the ALJ's obligation to give some weight to the VA determination or a detailed explanation for according less than some weight. *Allord*, 455 F.3d at 820. Thus, remand is warranted.

Because the ALJ failed to fully develop the record by not consulting a medical expert and did not discuss or give weight to the VA disability determination, substantial evidence does not support the ALJ's decision.

### C. Failure to follow remand instructions

While the Court's analysis has officially concluded, the Court is compelled to address the ALJ's egregious disregard of the Appeals Council's December 18, 2009 remand order.

Initially, Defendant argues that 42 U.S.C. § 405(g) does not authorize this Court to consider whether the ALJ complied with a remand order from the Appeals Council. This Court does not find that argument persuasive. *See Griffith v. Callahan*, 138 F.3d 1150, 1153-54 (7th Cir. 1998), overruled on other grounds by *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999), (reviewing ALJ's compliance with remand order); *Miller v. Barnhart*, 175 Fed.Appx. 952, 955-56 (10th Cir. 2006). Section 405(g) authorizes this Court to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). Inherent in that authority is the court's duty to determine the Commissioner's conformity with its own regulations.

Defendant cites to *Poyck v. Astrue*, 414 Fed. Appx. 859 (7th Cir. 2011), to support the proposition that this Court does not have the authority to consider whether the ALJ complied with the remand order. However, Defendant completely mischaracterizes the Seventh Circuit's decision. While the Seventh Circuit summarized the District Court's position that it did not have authority to review the ALJ's compliance with the remand order, the Seventh Circuit declined to discuss the issue of compliance with the remand order. *Poyck*, 414 Fed. Appx. at 861. It simply asserted that the only real issue was whether the ALJ's decision was supported by substantial evidence. *Id.* This Court does not deny that the only real issue is whether there is substantial

evidence to support the ALJ's decision, yet the Seventh Circuit did not tie the Court's hands in limiting its review of the ALJ's compliance with the remand order.

The very essence of judicial review is to determine whether an agency complies with its own regulations and procedures so that there may be uniformity in decisions. *See Sierra Club v. Martin*, 168 F.3d 1, 4 (11th Cir. 1999) ("courts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself"). The regulations mandate that an ALJ "shall take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b). To not address whether the ALJ complied with an order from the Appeals Council would be to completely disregard the appellate process. It is well settled that remand may be appropriate where an ALJ commits an error of law. *Dixon*, 270 F.3d at 1176; *Binion on Behalf of Binion v. Chater*, 108 F.3d 780 (7th Cir. 1997). Because disregarding a remand order would be an error of law, failing to act on a direct order of the Appeals Council is well within the purview of the Court's review.

Here, the ALJ committed an error of law by not following an order of the Appeals Council. The Appeals Council's remand order provided:

> [T]he Appeals Council vacates the hearing decision and remands this case to an Administrative Law Judge for resolution of the following issues . . . [T]he medical records from the Indianapolis Veterans Affairs Medical Center (VAMC) rates the claimant with a 100% service connected disability [sic], which [has not] been addressed or considered by the Administrative Law Judge. The hearing decision simply states that "he appears to have a 90% disability pension from the Department of Veterans Affairs. [sic] However, there is no evaluation in the hearing decision of the extent to which the VA's action and the supporting evidence from the VA might be useful in determining the claimant's limitations. Social Security Ruling 06-3p requires that adjudicator consider determinations of disability by other governmental agencies, noting: "These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determination by these agencies based on their rules." Therefore, further evaluation of the nature and severity of the claimant's combined impairments and any additional resulting limitations is needed.

[R. at 47.] The ALJ's subsequent decision again limited its discussion of Moore's VA disability to "[h]e appears to have a 90% disability pension from the Department of Veterans Affairs." [R. at 14.] There is no evaluation of the VA disability determination as required by the Appeals Council. Thus, the ALJ failed to comply with the Appeals Council's remand order.

Defendant argues that by denying Moore's request for review, "the Appeals Council implicitly found that the ALJ had sufficiently complied with the remand order." [Dkt. 25 at 8.] The Court disagrees. By way of analogy, when the Supreme Court denies certiorari, it does not necessarily mean that it agrees with or approves of the decision of the appellate court; it means that, for whatever reason, the Supreme Court declined to review that decision, leaving the appellate court's ruling as the final decision. The same is true with regard to the Appeals Council's refusal to review the ALJ's second decision. The Court also notes that there was no additional analysis included in the ALJ's decision regarding the VA disability. Defendant cites to pages 14-17 of the record to suggest that there was, but this is the exact same language that the Appeals Council found insufficient in the first decision. [*See* R. at 14, 41]. Defendant would have this Court believe that the Appeals Council just changed its mind regarding the VA disability. The Court is not convinced by this argument.

While the Court may not award benefits to a claimant based on the ALJ's obduracy alone, the Court can remand for such purposes. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345 (7th Cir. 2005). The ALJ's failure to address the VA disability *twice*, is not only a waste of the Court's time, but importantly, it is a waste of Thomas Moore's time. The Court reminds the Commissioner that Moore's application for disability was filed more than seven years ago. This Court will not sit idly by while the Commissioner continues to deliberately string along the plaintiff. "The Commissioner is not entitled to 'endless opportunities to get it right.'" *Byers v.*

11

*Astrue*, No. 1:08-cv-1174-DFH-JMS, 2009 WL 3246617 (S.D. Indiana, Oct. 5, 2009) (*quoting Seavy v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001)). Therefore, the Court will continue to monitor the progress of this matter with instructions listed below.

## VI. CONCLUSION

For the reasons set forth above, substantial evidence does not support the ALJ's determination that Moore is not disabled and the Commissioner's decision is **REVERSED** and **REMANDED**. On remand, the Commissioner is directed to assign this matter to a new administrative law judge not previously associated with this matter. The Commissioner is further required to evaluate and discuss the weight given to Moore's VA disability pension ratings and consult a medical expert on the issue of medical equivalency and review of Moore's limitations to be associated with a new RFC analysis. In order to ensure a speedy resolution of this matter, the Court instructs the Commissioner to undertake all reasonable efforts to expedite a resolution of this matter and orders the parties to provide the Court with status reports regarding the progress of this matter every 90 days until a final resolution of Mr. Moore's claims has been made.

Date: 08/28/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Annette Lee Rutkowski
LAW OFFICES OF ANNETTE RUTKOWSKI
Anetrutkowski@gmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov