UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-00739-MJD-JMS |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff Thomas Moore's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Dkt. 33]. Plaintiff seeks an award of attorney's fees in the amount of $6,928.05 following the Court's entry of final judgment [Dkt. 32] remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings.

### I.     Legal Standard

The EAJA requires that, in a suit by or against the federal government, the court award to a prevailing party (other than the United States) her attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. 28 U.S.C. § 2412(d). Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended

and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a maximum rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

## II.     Discussion

The Commissioner only challenges Plaintiff's request for a cost of living increase. The Commissioner argues that the Court should award fees at no more than the $125.00 hourly statutory amount.  Congress has authorized the courts to award an increased hourly rate based upon the cost of living if a fee higher than $125.00 per hour is justified; however, the Seventh Circuit has determined that an enhanced hourly rate is not automatic.  28 U.S.C. § 2412(d)(2)(A); *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). The *Matthews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. *See Gonzales v. Astrue*, No. 1:10-cv-00899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012). Plaintiff has provided adequate justification for the enhanced hourly rates of $179.55 for 2012 and $182.50 for 2013 in both his brief [Dkt. 33-1] and his reply brief [Dkt. 37] based upon the increase in the Consumer Price Index – Midwest Urban Consumers index between 1996 and 2012 and 2013.  [Dkt. 33-1.]  The Court finds the fees sought by Plaintiff to be reasonable and based upon prevailing market rates. Therefore, Plaintiff is entitled to an hourly rate of $179.55 for 2012 and $182.50 for 2013.

**III.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's petition for attorney's fees in the amount of $6,928.05.  Such amount shall be made payable to Plaintiff's counsel consistent with the EAJA fee assignment in the record. [Dkt. 33-2.]

Date:  01/06/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Annette Lee Rutkowski
LAW OFFICES OF ANNETTE RUTKOWSKI
Anetrutkowski@gmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov